UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASON BERGER,

                              Plaintiff,

    - against -                                                 7:18-CV-8956 (CS)

IMAGINA CONSULTING, INC.,

                              Defendant.
-------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

CATHY SEIBEL, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order – including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder. As used herein, the term "previously nondisclosed" means that the information has been seen only by the producing person or by his or its attorneys, or by other persons who are themselves subject to an obligation of confidentiality.

A.     "Confidential" Information

A person producing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of: (a) previously nondisclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) other highly sensitive business information; (e) any information of a personal or intimate nature regarding any individual; or (f) any other category of information hereinafter given confidential status by the Court.

B.     "Attorneys' Eyes Only" Information

A person producing any given Discovery Material may designate as "Attorneys' Eyes Only" only such portion of such Confidential material that consists of highly sensitive business or financial information that the producing person reasonably believes is of such nature and character that the unauthorized disclosure of such information to persons other than those listed in Paragraph 5, below, could irreparably injure the producing person.

2.     With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Attorneys' Eyes Only information, in which

case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Alternatively, with respect to deposition transcripts and exhibits, no later than fifteen (15) business days following receipt of the transcript from the reporter, a producing person or that person's counsel may identify, by page and line number, testimony to be designated Confidential or Attorneys' Eyes Only, in which case the transcript of the designated testimony shall be bound in a separate volume and be marked "Confidential Information Governed by Protective Order" by the reporter. Prior to the expiration of the fifteen-business day period, deposition transcripts and exhibits shall be treated as Confidential information.

3. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, that person may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)　any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)　any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)　stenographers engaged to transcribe depositions conducted in this action; and

(g)　the Court and its support personnel.

5.　No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except to:

(a)　counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b)　as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c)　any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)　stenographers engaged to transcript depositions conducted in this action; and

(e)　the S.D.N.Y. Court and its support personnel.

6.  Prior to any disclosure of any Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 4(d), 4(e), or 5(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and in any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.  All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Material shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Attorneys' Eyes Only Discovery Material.

8.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the

5

grounds of the objection or request. If agreement cannot be reached promptly, counsel for the affected persons will raise the dispute with the Magistrate Judge in accordance with the Magistrate Judge's procedures. If the assertedly confidential information was provided to the producing party by a non-party to this litigation, the producing party may give notice to the non-party of the objection to confidential treatment, in which case the non-party shall be given a reasonable opportunity to participate in the dialogue among counsel and, if no agreement has been reached, to intervene in the case for the purpose of making its views known to the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material; provided, however, that nothing in this Order shall be deemed to limit in any way the disclosing party's use or its own Confidential or Attorneys' Eyes Only Discovery Material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action (including all appeals), all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, in the case of copies (not originals) destroyed. To the extent that return or destruction of such documents is not feasible (e.g., because the material has been stored electronically and cannot readily be deleted), the receiving party may comply with this requirement by sequestering the information and taking reasonable steps to ensure it will not be accessed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
March 15, 2019

| LIEBOWTIZ LAW FIRM, PLLC | ALBERT PLLC |
|---|---|
| By: *Richard Liebowitz* /cja<br>Richard Liebowitz<br>11 Sunrise Plaza, Suite 301<br>Valley Stream New York 11580<br>(516) 233-1660<br>RL@LiebowitzLawFirm.com<br>*Counsel for Plaintiff Jason Berger* | By: *[signature]*<br>Craig J. Albert<br>733 Third Ave., Fl. 15<br>New York, NY 10017<br>(646) 790-5840<br>Craig@AlbertPLLC.com<br>*Attorneys for Defendant<br>Imagina Consulting, Inc.* |

SO ORDERED.

_____
HON. CATHY SEIBEL, U.S.D.J.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASON BERGER,

                           Plaintiff,

  - against -                                    7:18-CV-8956 (CS)

IMAGINA CONSULTING, INC.,

                           Defendant.
-------------------------------------------------------------x

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Attorneys' Eyes Only."  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 2019

                                                                               _____
                                                                                    [Name]