

733 Third Ave, Fl 15  
New York, NY 10017-3293  
646.790.5840

April 5, 2019

**BY ECF AND ELECTRONIC MAIL**
The Hon. Cathy Seibel
United States District Judge
United States District Court
  for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

   Re: <u>Berger v. Imagina Consulting (18 Civ. 8956 (CS)(JCM))</u>

Dear Judge Seibel:

  I represent the defendant Imagina Consulting Inc. in this action.  I write to supplement my request for an informal conference in advance of a Rule 37 discovery sanctions motion.

  The plaintiff is delinquent in complying with his discovery obligations.  His interrogatory responses concerning damages calculations are incomplete and unsigned.  His document production to date consists only of the documents contained in the original complaint and publicly-available screenshots of his website.  He has not produced any of the documents that he said needed to wait for the entry of a protective order even though a protective order was entered three weeks ago.  His failure to comply with his obligations has already derailed a March 20 settlement conference with Judge McCarthy and his continued delinquency has made rescheduling that conference impossible.

  I served my interrogatories and document demands on January 18, 2019.  The responses were due on February 19.  Plaintiff's counsel Richard Liebowitz requested an extension to Monday, February 25, and I agreed.  When the Friday of that week arrived without any response, I emailed Mr. Liebowitz.  He responded days later, on Monday March 4, stating that he "had an urgent medical matter" and asked for another extension to Monday, March 11.

  On Monday, March 11, the plaintiff served a set of interrogatory responses that were not signed by the client (in violation of Rule 34) and the only documents provided were those that accompanied the original complaint.  With respect to the interrogatories, I was particularly concerned with the plaintiff's response to the one seeking computation of each category of the plaintiff's damages, because the plaintiff responded with a $5,000 figure each for "actual" and "punitive" damages, but no computation, and referred to "contracts, invoices, licensing agreements" as the documents supporting the claim of damages.  No contracts, invoices, or licensing agreements were produced.

  In response to my emailed inquiry that night regarding the paucity of production, Mr. Liebowitz's associate James Freeman stated that he needed a protective order to produce financial-related documents.  I immediately asked him to prepare a draft of what he needed, and

10558

Mr. Liebowitz sent one two days later, on March 13; I provided my comments to him that afternoon. Another half-day later, he asked me to redraft his document, and I agreed to do that as well.

This Court signed the proposed protective promptly on Friday, March 15, but the plaintiff's tardiness had already necessitated a request to Judge McCarthy to postpone the settlement conference. Within minutes of the Court entering the protective order, I asked Mr. Freeman and Mr. Liebowitz to send immediately the documents that they had been withholding. They failed to do so.

Tuesday, March 19 arrived without any documents or interrogatories from the plaintiff. I wrote to Mr. Liebowitz to request a Rule 37 conference. He responded that he was "out of the country" until the following Monday (March 25), notwithstanding the fact that he had been scheduled to be with me in White Plains before Judge McCarthy on March 20. When we finally spoke – on Wednesday March 27 – he said that he had some documents but did not have the remainder of a signed set of interrogatories and that he was going to get them from his client. He agreed to produce what he had the next day, with the balance on Wednesday, April 3.

The March 27 documents consisted of screenshots of the plaintiff's website which are publicly available to anyone with an internet connection. Nothing was produced on April 3.

There is no excuse for Mr. Liebowitz's failure to produce his documents, particularly those that he used to answer the (unsigned) interrogatories. He would have in his possession whatever documents were used to compute the damages he claims. Those documents should have been produced already, and the $5,000 figures in the interrogatory responses would be broken down in detail and backed up by reference to specific documents. They are not.

In contrast, the defendant has made a complete production of all of its documents and responded to the plaintiff's interrogatories. It is time for the plaintiff to comply with his obligations as well. As the Court noted in our scheduling conference, this is (at best) a low-damages case without even statutory damages at issue. Mr. Liebowitz has not been shy in revealing that his strategy here is simply to drive up costs in the hope of extracting settlement payments. I therefore respectfully request that the Court schedule an informal conference in advance of my moving for discovery sanctions, which would include striking the pleadings and awarding expenses and attorney's fees.

Respectfully submitted,

Craig J. Albert

Copy to Richard Liebowitz, Esq. (via ECF and email)