

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

April 9, 2019

**VIA ECF**

Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *Berger v. Imagina Consulting,* 1:18-cv-08956 (CS-JCM)

Dear Judge Seibel:

      We represent Plaintiff Jason Berger in the above-captioned case. We write in opposition to Defendant Imagina Consulting Inc. ("Defendant")'s motion for an informal discovery conference.

      Contrary to Defendant's assertions, Plaintiff has complied with his discovery obligations and has produced all responsive documents in his possession, custody and control. The thrust of Defendant's motion relates to Plaintiff's licensing fee history. However, Plaintiff is not in possession of any financial-related documents which would show his actual licensing fees for the Photograph at issue in this litigation. To the extent Defendant seeks "benchmark" licensing fees, Plaintiff does not license photographs in his ordinary course of business. Instead, he specializes in taking headshots and usually charges a fixed fee for the service to his client.

      Given that Defendant expropriated the photograph without Plaintiff's permission, Defendant deprived Plaintiff of the opportunity to negotiate a proper licensing fee. Thus, the amount of damages is speculative. In his responses to Defendant's first set of interrogatories, Plaintiff estimated a fair market value of $5,000 to license the photograph. Defendant may argue that such amount is speculative and that there is no methodology used to arrive at such amount. However, as a professional photographer, Plaintiff's understanding as to what he would be entitled to charge is material.

      The Second Circuit has ruled that an award of actual damages in a copyright infringement case "should be broadly construed to favor victims of infringement." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 164 (2d Cir. 2001), as amended (May 15, 2001) (citing, *inter alia,* William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full



Liebowitz Law Firm, PLLC

recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v. Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis,* 246 F.3d at 159. The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165 ("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, . . . the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for."); a*ccord Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work'" (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 512 (9th Cir.1985)).

Here, the fair market value of what Defendant would have paid to license the photograph, or the price that Plaintiff would have settled for is not the question.  Rather, it is what Plaintiff was "entitled to charge" for Defendant's use of the photograph. *On Davis,* 246 F.3d at 165 ("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for. We can see no reason why, as an abstract matter, the statutory term "actual damages" should not cover the owner's failure to obtain the market value of the fee the owner was entitled to charge for such use.")

In sum, a discovery conference is not necessary because Plaintiff cannot be compelled to produce documents or information which he does not have.  For the sake of precaution, Plaintiff is triple-checking his records and going back seven years to ascertain whether he can find any benchmark licensing agreements on occasions where he may have transferred the copyright to a client.  To date, he has not been able to find any.

Respectfully Submitted,

**/RichardLiebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Jason Berger*

2