

733 Third Ave, Fl 15
New York, NY 10017-3293
646.790.5840

May 1, 2019

**BY ECF AND ELECTRONIC MAIL**
The Hon. Cathy Seibel
United States District Judge
United States District Court
 for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

At this point it seems that the absence of documents is going to hurt Plaintiff more than Defendant. Naturally Plaintiff will not be able to use anything he did not produce, and that may present insurmountable problems for him. In any event, what efforts were made to comply and when, and how it was that the first set of responses was so incorrect, can be explored via deposition.

Re:    Berger v. Imagina Consulting (18 Civ. 8956 (CS)(

SO ORDERED.

/s/ Cathy Seibel
CATHY SEIBEL, U.S.D.J.

5/1/19

Dear Judge Seibel:

I represent defendant Imagina Consulting Inc. I write to report on continuing failure to comply with his discovery obligations, as ordered in order entered on April 19, 2019.

As the Court may recall, the plaintiff claims to be a "headshot" photographer who took headshot photos of non-party Lena Koropey. Ms. Koropey supplied a copy of a headshot photo depicting herself to my client, which displayed the photo for a brief time in connection with a link to a podcast interview of Ms. Koropey.

**Document production.** The Court ordered the plaintiff's counsel to produce "100% of documents that have been asked for by the Defendant by April 22, 2019. That deadline passed without any production at all. Two days later, on April 24, the plaintiff produced three additional pages of documents containing a portion of emails that the plaintiff exchanged with Forbes magazine in August 2018. The production was not accompanied by any certification from the plaintiff or his counsel that there had been a full production. Far from "100%", the plaintiff has produced virtually nothing of what would reasonably be expected of a person in his business.

I have annexed (as an appendix) a chart showing the documents requests, the plaintiff's initial disclosure as to whether responsive documents existed, and whether any production has been made.

A professional photographer who claimed sole authorship and ownership of images would be expected to retain the originals and archival copies of those photos, of any agreements with respect to the creation, licensing and use of those photos, of the financial records required to document business expenses for tax purposes, and of any model's releases required to permit the photographer to further exploit the image of the subject. (The absence of a model's release suggests that the subject of the photograph is a co-author, with co-equal rights to exploit the photograph.) A photographer who held himself out to the public as selling the special class of photographic services known as "headshots" would be expected to document how the person

10561

who paid for photos of herself to be used for publicity purposes surrendered the very rights for which she had paid, if such a novel claim were to be made.

The plaintiff's responses and objections to my document request drew a clear distinction between (i) documents that the plaintiff had in his possession and agreed to produce and (ii) documents that he does not have. As of today, the plaintiff has produced no evidence of exclusive authorship (Document requests 1, 2, 4), no evidence regarding any limitation on Lena Koropey's rights to license the photos (Document requests 2, 4, 6, 8, 9), no evidence of general practices with respect to pricing and licensing (Document requests 14, 15), no evidence of fixation (Document request 3), and no evidence of damages (Document requests 10, 11, 12 [incomplete production], 13, 14). The plaintiff's first set of unsigned interrogatory responses promised "Contracts, invoices, licensing agreements" to document damages and he produced none, whether for photos of Lena Koropey or for photos he ever took of anyone else. He also referred to proof of damages by "Comparable benchmark licenses for commercial uses on websites", but produced none of those either.

***Interrogatories***. The Court directed the plaintiff to sign his interrogatories. The plaintiff changed them, signed them, misdated them, and left them incomplete. In describing the documents that would evidence his damages, the plaintiff on April 18 changed his March 11 answer of "Contracts, invoices, licensing agreements" to a March 18 response of "Comparable benchmark licenses for commercial uses on websites". He continues to omit any computation of each category of damages alleged, and since there are simply no documents on which to base his assertion of $5000 in actual damages, the unassailable conclusion is that this number was plucked out of thin air.

I have raised with plaintiff's counsel the issues regarding his deficiencies in production. The response I received from Mr. Liebowitz's associate James Freeman was "We have circled back to client at least five times. Plaintiff's Production is now compete - he has no more responsive documents to produce. Plaintiff is therefore in 100 percent compliance with the Court's order and all his discovery obligations." That assertion is simply not credible in light of the ordinary records that one would expect to find a business such as the plaintiff's. If it is correct, though, then the plaintiff has an insurmountable problem of proof, and without proof of essential elements of his claim he cannot prevail, and not even a nuisance settlement payment is justifiable.

Respectfully submitted,

Craig J. Albert

Copy to Richard Liebowitz, Esq. (via email)

# APPENDIX
## SUMMARY OF DOCUMENT REQUESTS DIRECTED TO PLAINTIFF

| Document request | Plaintiff's response 3/11/19 | Actual production |
|---|---|---|
| 1. All documents concerning the creation or development of the Disputed Work. | Agreed to produce | None |
| 2. All documents concerning any role or input of any Person in the creation or development of the Disputed Work. | Agreed to produce | None |
| 3. All documents depicting the Disputed Work or any derivative work based upon the Disputed Work. | Agreed to produce | None |
| 4. All documents concerning the ownership, including any transfer of ownership, of the Disputed Work or any derivative work based upon the Disputed Work. | Agreed to produce | Partial |
| 5. All documents concerning any registration of the Disputed Work or of any derivative work based upon the Disputed Work with the Copyright Office, including any application, deposit, or communication with the Copyright Office. | Agreed to produce | Partial |
| 6. All documents concerning any authorized use by any person of the Disputed Work or of any derivative work based upon the Disputed Work, including any contract, agreement, or other document authorizing such use. | Agreed to produce | None |
| 7. All communications between Plaintiff and Defendant concerning the Disputed Work or any draft or precursor thereto. | Plaintiff claims to have none | |
| 8. All communications between Plaintiff and Lena Koropey concerning the Disputed Work or any draft or precursor thereto. | Agreed to produce | Partial |
| 9. All documents concerning Lena Koropey in connection with the Disputed Work. | Agreed to produce | Partial |

Hon. Cathy Seibel
May 1, 2019
Page 4

| Document request | Plaintiff's response 3/11/19 | Actual production |
|---|---|---|
| 10. All documents concerning any intention of or action taken by Plaintiff to use the Disputed Work or any derivative work based upon the Disputed Work, apart from any use by or for Defendant. | Plaintiff claims to have none | |
| 11. All documents concerning any financial harm to Plaintiff, including any lost profits and any claim for attorneys' fees, in connection with this action, and including the establishment and calculation of such financial harm. | Agreed to produce | None |
| 12. All documents concerning any actual or proposed transaction involving any license to be granted by Plaintiff from January 1, 2017 to the present that involves the publication or display of any photograph in which Plaintiff owns a copyright. | Agreed to produce | Partial |
| 13. All documents concerning Plaintiff's price lists in effect from May 21, 2016 to the present. | Agreed to produce | None |

Hon. Cathy Seibel
May 1, 2019
Page 5

| Document request | Plaintiff's response 3/11/19 | Actual production |
|---|---|---|
| 14. All documents concerning any policies or practices of Plaintiff in effect at any time from May 21, 2016 to the present with respect to any of the following subjects:<br><br>a) pricing policies for licenses with respect to copyrighted works;<br><br>b) scope of licenses with respect to copyrighted works;<br><br>c) permitted uses of copyrighted works;<br><br>d) prohibited uses of copyrighted works;<br><br>e) use of copyrighted works for corporate purposes;<br><br>f) use of copyrighted works for business purposes;<br><br>g) conversion of copyrighted works to portfolio prints;<br><br>h) use of copyrighted works for web publishing;<br><br>i) use of copyrighted works for social networking;<br><br>j) use of copyrighted works that constitute headshots for corporate executives;<br><br>k) use of copyrighted works that constitute headshots for business. | Plaintiff claims to have none | |
| 15. All documents comprising the Plaintiff's Website as it existed at any time from January 1, 2016 to the present. | Agreed to produce | Partial |