UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
JASON BERGER,

                                        Plaintiff,

          – against –                                  **ORDER TO SHOW CAUSE**

IMAGINA CONSULTING, INC.,                             No. 18-CV-8956 (CS)

                                     Defendant.
---------------------------------------------------------------------------x

Seibel, J.

       On April 5, 2019, Defendant filed a letter with the Court requesting a discovery conference. (Doc. 27.) That same day, I granted Defendant's request and scheduled a discovery conference for April 12, 2019 at 11 a.m. (Doc. 28.) I also ordered Plaintiff to respond to Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30). On April 12, the Court held the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not call or email the Court or Defendant's counsel to explain his absence. (Minute Entry dated Apr. 12, 2019.) That same day, I ordered Plaintiff to show cause in writing, on or before April 17, 2019, why he failed to appear for the conference and why he should not be required to pay Defendant's attorney's fees for the time expended to appear at the conference. (Doc. 31.) The Court also rescheduled the conference for April 18, 2019. (*Id.*)

       By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference because of a death in the family which was an "unexpected urgent matter" to which he had to attend. (Doc. 32.) He also said he would be out of the office on April 18 and asked to appear by phone at the rescheduled discovery conference. (*Id.*)

1

The conference was held by phone on April 18.  (*See* Minute Entry dated Apr. 18, 2019.)  Mr. Liebowitz represented that the death in the family had arisen on the morning of April 12 and apologized for not letting Defendant's counsel and the Court know.  During the conference, issues were discussed that reflected negatively on Plaintiff's counsel's credibility.  For example, Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts, invoices, licensing agreements," (Doc. 27 at 1), but when Defendant requested those documents, Plaintiff said he could not produce them without a protective order.  After Defendant agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing, despite twice promising to do so.  (*See* Doc. 27 at 2.)  Further, Defendant's counsel represented that Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the country due to an emergency, when in reality he was at a trade show in Europe trying to drum up business.  At that point, concerned about Mr. Liebowitz's credibility and the possibility that he was trying to increase costs for Defendant's counsel, I determined that I could not merely accept Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the family, and directed, among other things, that, by May 1, Mr. Liebowitz provide evidence or documentation regarding who died, when, and how he was notified.  I also permitted Defendant's counsel to submit his billing records relating to the discovery dispute by May 1, with Mr. Liebowitz having until May 15, 2019 to submit opposition to Defendant's application that Plaintiff cover those fees.[1]

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist in certain

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have been made in good faith.

customs for which arrangements had to be made in advance of the Sabbath.  (Doc. 36.)  That same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction.  Mr. Liebowitz was to document who passed away, when the person passed away and when Mr. Liebowitz was notified. The reason I requested documentation is that there is reason to believe Mr. Liebowitz is not being candid.  So a letter from him does not advance the ball.  When someone dies, there is documentation including a death certificate and (almost always) an obituary, and nowadays one's phone usually contains evidence of what one was told and when.  Mr. Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38.)  On May 3, 2019, Mr. Liebowitz filed a notice of settlement.  (Doc. 41.)  On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's counsel's expenses for the April 12 conference), but there remains one open issue: Mr. Liebowitz's failure to document the death in the family that he says caused him to miss the conference.  (See Doc. 38.).  He was supposed to address that issue by May 3, but I will give him until May 9.  Even if Defendant has been made whole, I still need to satisfy myself that there is no need for disciplinary or other inquiry.

(Doc. 45.)  On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the statements in his April 15 and May 1 letters were true and stated that he believed that his Declaration discharged his obligation to the Court.  (Doc. 46.)

It did not.  Because the issue is Mr. Liebowitz's credibility, reiteration by him does not – as previously explained – advance the ball.  That is why I requested documentation.  Mr. Liebowitz's failure to provide the name of the person who died, any information about how Mr. Liebowitz was notified, the obituary or other information that funeral homes routinely publish on their websites, or the person's death certificate suggest that his representations regarding the death may be false.  Mr. Liebowitz is therefore ORDERED to SHOW CAUSE in writing, no later than May 16, 2019, why he should not be referred to the Court's Grievance Committee.  His response to this Order to Show Cause shall include documentation or other evidence – apart from

his say-so – regarding the death in the family that he says prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend.

**SO ORDERED.**

Dated: May 13, 2019
       White Plains, New York

                                          _____
                                             CATHY SEIBEL, U.S.D.J.