UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON BERGER,<br><br>        Plaintiff,<br><br> - against -<br><br>IMAGINA CONSULTING, INC.<br><br>        Defendant. | Docket No. 7:18-cv-08956 (CS)<br><br>**GOOD FAITH DECLARATION<br>OF RICHARD LIEBOWITZ** |

  I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

  1. I am lead counsel for plaintiff Jason Berger ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

  2. I submit this good faith declaration in response to the Court's order to show cause. [Dkt. #51]

  3. On April 15, 2019, I advised the Court of the reasons for my not attending the conference scheduled on Friday, April 12, 2019 (the "Conference") [Dkt. #32].

  4. On April 18, 2019, the Court ordered that I provide documentation relating to my grandfather's passing.

  5. On May 1, 2019, I provided further elaboration to the Court for the reasons why I did not attend the Conference. [Dkt. #36]

  6. On May 9, 2019, I again certified my responses on the record. [Dkt. #46]

7. On May 13, 2019, the Court again asked me to produce "documentation or other evidence" to support the passing of my grandfather. [Dkt. #47]

8. On May 16, 2019, I again certified my responses on the record. [Dkt. #48]

9. On July 26, 2019, the Court again ordered me to produce a copy of my grandfather's death certificate. [Dkt. #49]

10. On August 12, 2019, I re-certified my previous responses and noted that the Court's request involved a deeply personal matter, namely the production of a death certificate of a loved one. [Dkt. #50]

11. On August 19, 2019, the Court ordered me to provide a death certificate directly to Chambers under pain of contempt and with potential imposition of monetary sanctions. [Dkt. #51]

12. I again certify in good faith that I will not produce a death certificate of my grandfather, which is a personal matter that has no bearing on the facts of this case. Moreover, I am an Officer of this Court in good standing and the Court has not shown why a production of a death certificate is necessary to the administration of justice.

13. My decision not to produce a death certificate does not constitute contempt. Civil contempt is a "sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party." *New York State National Organization for Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir.1989). To establish contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp.,* 347 F.3d 419, 423–24 (2d Cir.2003).

14. Here, it is my position that the Court's request is not lawful. First, the Court's request that I produce a death certificate of my grandfather has no bearing on the merits of this case and involves a deeply personal matter. Second, while the Court enjoys wide discretion to control its docket, the discretion is not without limits. As the present request is of a highly personal nature and not related to the case, it likely constitutes a usurpation of judicial authority or a breach of judicial decorum.

15. Further, I have dutifully complied with all of the Court's prior Orders to show cause on this issue so the proof of alleged non-compliance is not clear nor convincing. I have also attempted to diligently comply in good faith with the Court's Orders by repeatedly filing timely responses. Accordingly, a finding of contempt would not be justified.

16. Likewise, there is no basis to impose monetary sanctions, either under the Court's inherent powers or under section 1927. Both require clear and convincing evidence of an attorney's bad faith conduct. The Court has not demonstrated that my conduct in this case was carried out in bad faith, such as to purposely delay the proceeding or harass the defendant. I missed a single court conference due to a death in the family. It happens.

17. Further, the Court's request that I send the death certificate directly to chambers (outside the purview of the public) is not sufficient to protect my right to privacy as the Court may place the contents of that certificate on the record.

18. Finally, if the Court seeks to refer to this matter to an impartial tribunal, such as a Grievance Committee, then I will defend my position not to produce the death certificate for all the reasons previously set forth in my declarations, as well as any other reasons my counsel may raise.

19. Having shown good cause for why I could not appear at the Conference on April 12, 2019, it is my good faith belief that I have discharged my obligations in response to the Court's orders to show cause.

Dated: August 26, 2019
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Jason Berger*

---

There is nothing unlawful about my August 19, 2019 order.  There was also nothing unclear about it.  Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply.  To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed.  He has not shown or even alleged an inability to comply.  Accordingly, Mr. Liebowitz is hereby declared to be in contempt of court.  Should he not comply with my August 19, 2019 Order by October 2, 2019, he will (without further order) be sanctioned $100 each business day (beginning October 2, 2019) until he does comply.  Said payments are to be made to the Clerk of Court on each Monday, covering the previous week.  In imposing this sanction I have considered the nature of the harm, the probable effectiveness of this sanction, and the resources of a practicing lawyer.  Should this sanction prove insufficient, additional or different sanctions will be considered.

SO ORDERED.

*/s/ Cathy Seibel/*
CATHY SEIBEL, U.S.D.J.

9/27/19