UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
JASON BERGER,

                                    Plaintiff,

      – against –                              **ORDER and**
                                                  **ORDER TO SHOW CAUSE**

IMAGINA CONSULTING, INC.,
                                                      No. 18-CV-8956 (CS)

                                  Defendant.
---------------------------------------------------------------------------x

Seibel, J.

      On April 5, 2019, Defendant filed a letter with the Court requesting a discovery conference. (Doc. 27.) That same day, I granted Defendant's request and scheduled a discovery conference for April 12, 2019 at 11 a.m. (Doc. 28.) I also ordered Plaintiff to respond to Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30). On April 12, the Court held the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not call or email the Court or Defendant's counsel to explain his absence. (Minute Entry dated Apr. 12, 2019.) That same day, I ordered Plaintiff to show cause in writing, on or before April 17, 2019, why he failed to appear for the conference and why he should not be required to pay Defendant's attorney's fees for the time expended to appear at the conference. (Doc. 31.) The Court also rescheduled the conference for April 18, 2019. (*Id.*)

      By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference because of a death in the family which was an "unexpected urgent matter" to which he had to attend. (Doc. 32.) He also said he would be out of the office on April 18 and asked to appear by phone at the rescheduled discovery conference. (*Id.*)

The conference was held by phone on April 18.  (*See* Minute Entry dated Apr. 18, 2019.) Mr. Liebowitz represented that the death in the family occurred on the morning of April 12 and apologized for not letting Defendant's counsel and the Court know.  During the conference, issues were discussed that reflected negatively on Plaintiff's counsel's credibility.  For example, Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts, invoices, [and] licensing agreements," (Doc. 27 at 1), but when Defendant requested those documents, Plaintiff said he could not produce them without a protective order.  After Defendant agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing, despite twice promising to do so.  (*See* Doc. 27.)  Further, Defendant's counsel represented that Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the country due to an emergency, when in reality he was at a trade show in Europe trying to drum up business. At that point, concerned about Mr. Liebowitz's credibility and the possibility that he was trying to increase costs for Defendant's counsel, I determined that I could not merely accept Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the family, and directed that, among other things, by May 1, Mr. Liebowitz provide evidence or documentation regarding who died, when, and how he was notified.  I also permitted Defendant's counsel to submit his billing records relating to the discovery dispute by May 1, with Mr. Liebowitz having until May 15 to submit opposition to Defendant's application that Plaintiff cover those fees.[1]

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have been made in good faith.

2

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist with certain customs for which arrangements had to be made in advance of the Sabbath.  (Doc. 36.)  That same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction.  Mr. Liebowitz was to *document* who passed away, when the person passed away and when Mr. Liebowitz was notified.  The reason I requested documentation is that there is reason to believe Mr. Liebowitz is not being candid.  So a letter from him does not advance the ball.  When someone dies, there is documentation including a death certificate and (almost always) an obituary, and nowadays one's phone usually contains evidence of what one was told and when.  Mr. Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38 (emphasis in original)).  On May 3, 2019, Plaintiff filed a notice of settlement.  (Doc. 41.)  On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's counsel's expenses for the April 12 conference), but there remains one open issue:  Mr. Liebowitz's failure to document the death in the family that he says caused him to miss the conference.  (See Doc. 38.).  He was supposed to address that issue by May 3, but I will give him until May 9.  Even if Defendant has been made whole, I still need to satisfy myself that there is no need for disciplinary or other inquiry.

(Doc. 45.)  On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the statements in his April 15 and May 1 letters were true, and he stated that he believed that his Declaration discharged his obligation to the Court.  (Doc. 46 ¶¶ 6-7.)

On May 13, I responded that Mr. Liebowitz's May 9 Declaration did not resolve the matter because, given the issues surrounding Mr. Liebowitz's credibility and his failure to provide any information or documentation regarding his grandfather's death, Mr. Liebowitz's reiteration could not sufficiently discharge his obligations to the Court.  (Doc. 47.)  I therefore issued an order to show cause, requiring Mr. Liebowitz to provide documentation or other evidence (apart from his own word) that demonstrated that a death in the family had occurred

3

that prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. (*Id.* at 3-4.)

Rather than comply with the Court's order to provide the above documentation, on May 16, Mr. Liebowitz again submitted a Declaration reiterating his belief that his statements contained in the April 15, May 1, and May 9 letters were sufficient to discharge his obligations in response to the Court's order to show cause. (Doc. 48 ¶ 3.)

On July 26, I ordered Mr. Liebowitz, under pain of contempt, to provide a copy of his grandfather's death certificate so as to support his claim that he could not attend the April 12 conference, nor provide timely notice to the Court or opposing counsel, as a result of his grandfather's death. (Doc. 49.) In response, Mr. Liebowitz submitted another Declaration on August 12, stating that he believed that his previous letters sufficed to fulfill his obligations to the Court (in spite of the fact that I explicitly requested documentation other than "his say-so," (*see* Doc. 47 at 4)), and that he should not be required to submit his grandfather's death certificate because it is "a personal matter." (Doc. 50 ¶¶ 3-4.) As I noted in my August 19 response to Mr. Liebowitz's letter, however, although the death of a family member is certainly a personal matter, questions regarding Mr. Liebowitz's candor before the Court are professional in nature. (Doc. 51.) I reassured Mr. Liebowitz that, if he was concerned about the death certificate being available on the public docket, he was welcome to provide the document directly to my chambers to ensure his privacy. (*Id.*) I also made clear that, should he fail to provide the requested documentation by August 26, he would be held in contempt of court and subject to sanctions, including monetary sanctions and/or referral to this Court's Grievance Committee. (*Id.*)

4

On August 26, the day Mr. Liebowitz was required to provide his grandfather's death certificate pursuant to my August 19 order, Mr. Liebowitz instead submitted another Declaration. (Doc. 52.) In this Declaration, Mr. Liebowitz argued that he was not in contempt because this Court's request for his grandfather's death certificate was unlawful, as it "likely constitutes a usurpation of judicial authority or a breach of judicial decorum," (*id ¶* 14); his previous Declarations complied with my previous orders, (*id. ¶* 15); "there [was] no basis to impose monetary sanctions," (*id. ¶* 16); and the Court's assurance that his grandfather's death certificate would not be made public was insufficient to protect his right to privacy, (*id*. ¶ 17).

On September 27, I endorsed Mr. Liebowitz's latest Declaration, stating that:

> There is nothing unlawful about my August 19, 2019 order. There was also nothing unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed. He has not shown or even alleged an inability to comply.

(Doc. 53.) I therefore declared Mr. Liebowitz to be in contempt of court, and ordered that, should he fail to comply with my order and provide the requested documentation by October 2, he would be subject to monetary sanctions of $100 each business day until he complied. (*Id*.) I also informed Mr. Liebowitz that, "[s]hould this sanction prove insufficient" to ensure his compliance, "additional or different sanctions [would] be considered." (*Id*.)

On October 2, Mr. Liebowitz wrote a letter to my chambers requesting an in-person conference to discuss my September 27 order, and also requesting a stay of that order "[f]or just cause" until the conference could be held. (Doc. 54.) I denied his request, noting that Mr. Liebowitz's letter had not stated what purpose would be served by an in-person conference, nor

5

had it supplied any justification for a stay of my September 27 order.  (Doc. 55.)  Mr. Liebowitz submitted another letter the next day, October 3, reiterating his request for an in-person conference to discuss his grandfather's death certificate and for a stay "[f]or just cause."  (Doc. 56.)  I again denied the application, because Mr. Liebowitz had not articulated any purpose that the conference would serve, nor did he supply any cause to stay my September 27 order.  (Doc. 57.)  I further ordered Mr. Liebowitz to refrain from filing any further requests for a conference unless he could explain specifically what purpose would be served by the conference and to refrain from filing any further requests for a stay of my September 27 order unless he could specifically state a justification for a stay.  (*Id*.)  I notified Mr. Liebowitz that his first payment under the contempt sanction was due to the Clerk of the Court on Monday, October 7.  (*Id*.)

On October 7, Mr. Liebowitz sent a letter requesting a two-week extension to deliver his grandfather's death certificate and requesting that the monetary sanctions be stayed until after the extension had elapsed.  (Doc. 58.)  This request had come at 8:34 p.m. on October 7, well after the Clerk's Office had closed.  (Doc. 59.)  That same night, I denied Mr. Liebowitz's request for an extension.  (*Id*.)  As of November 1, 2019, Mr. Liebowitz has not made any of his required payments.  By the Court's count, Mr. Liebowitz was obligated to pay $300 on October 7, 2019; $400[2] on October 15, 2019;[3] $400 on October 21, 2019;[4] and $500 on October 28.

Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders.  (*See* Docs. 51, 53.)  The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order.

---

[2] I will not count Yom Kippur, which fell October 9, 2019, as a business day.
[3] Monday, October 14, was a national holiday.
[4] See note 3 above.

Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November 6, 2019.  Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied in full with my August 19, 2019 and September 27, 2019 Orders.  Further, Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13, 2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such time as he complies with the above-described orders (and, if applicable, the instant order).  Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals Service without further notice.[5]

**SO ORDERED.**

Dated: November 1, 2019
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] Should Mr. Liebowitz already be committed to appear before another court on November 13, 2019 at 10 a.m., he shall – no later than November 6, 2019 – so advise the Court by letter and enclose proof of the commitment from a source other than Mr. Liebowitz (such as a court order or docket entry).  No adjournment will be considered unless it is requested on or before November 6, 2019, and unless the request is accompanied by proof of the commitment from a source other than Mr Liebowitz.  The letter shall also provide three dates and times within a week of November 13, 2019 when Mr. Liebowtiz is available to appear before this Court.  If the Court finds the showing sufficient, the Court will advise Mr. Liebowitz of a new date and time.  Unless he hears from the Court about a new date and time, he shall appear on November 13, 2019 at 10 a.m.